CIRO STELLATO, Respondent, v. FLAGLER PARK ESTATES, INC., et al., Appellants. FLAGLER PARK ESTATES, INC., Third-Party Plaintiff-Respondent, v. INDUSTRIAL ENGINEERING Co., INC., Third-Party Defendant-Appellant.— In an action to recover damages for personal injuries brought by an employee of Industrial Engineering Co., Inc., a subcontractor on a building under construction, against Flagler Park Estates, Inc., the general contractor and owner of the building, and Chesebro-Whitman Co., Inc., another subcontractor, Flager Park served a third-party complaint on Industrial for judgment over, alleging

active negligence (first cause of action) and a contract to indemnify (second cause of action). The jury rendered a verdict in favor of the employee against Flagler Park and Chesebro-Whitman and in favor of Industrial against Flagler Park on the first cause of action alleged in the third-party complaint. The parties having stipulated to leave to the court the disposition of the second cause of action in the third-party complaint, the court gave judgment over in favor of Flagler Park against Industrial. Flagler Park, Chesebro-Whitman and Industrial appeal from the judgment entered thereon. Judgment reversed and a new trial granted, with costs to abide the event. It was error for the court to refuse to charge as requested in requests numbered 6 and 7 of appellant Flagler Park. There was evidence from which the jury might have found that lumber was negligently piled on the sidewalk bridge to a height equal to or in excess of that of the guard rail and that such negligence would not be attributable to appellant Flagler Park. Had the jury been so instructed, we would not disturb a verdict in favor of respondent against appellant Flagler Park on the facts appearing in this record. The verdict against appellant Chesebro-Whitman is contrary to the weight of the evidence, and the court erroneously declined to charge as to said appellant's liability in substantially the language contained in such appellant's requests numbered 8 and 9. The distinction between the respective duties imposed by the law on appellants Flagler Park and Chesebro-Whitman was not made sufficiently clear in the main charge. Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ., concur.